UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTHONY KEVIN McCULLOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:18-CV-017-RLM-MGG |
| | ) | |
| | ) | |
| HOLY CROSS COLLEGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Anthony Kevin McCullough, a prisoner without a lawyer, filed a complaint naming seven defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

Mr. McCullough is the only source of information at this point, and here is what he says happened. Mr. McCullough, an inmate housed at the Westville Correctional Center, has been taking college classes through the Holy Cross, University of Notre Dame, Westville Education Initiative. He was on course to graduate with an associate degree in liberal studies on December 16, 2017. This would have enabled him to be released from prison one year earlier. He planned to then work toward a bachelor's degree, which would have resulted in

a further reduction in his sentence. But Mr. McCullough experienced a status change at the prison and wasn't awarded a degree. As a result, he has sued Holy Cross College, Jamie Bush (a Holy Cross College Volunteer), Alicia Serocynski, Ph.D. (Director of the Westville Education Initiative), David T. Tyson (President of Holy Cross College), Justin Watson, Ph.D. (Provost of Holy Cross College), the University of Notre Dame, and Hiroko Harrison (Registrar of Holy Cross College). He asks that an associate degree be awarded, that he be readmitted to the program so he can pursue his bachelor's degree, and that he be awarded monetary damages.

Mr. McCullough's problems began on November 14, 2017, when it was discovered that one of the Holy Cross College volunteers, Jamie Bush, was having a sexual relationship with one of Mr. McCullough's classmates. When discovered, Ms. Bush was removed from the facility. A few days later, Mr. McCullough received an odd and unsolicited email by way of the prison's Jpay system. The email was from someone he did not know, and it read as follows:

> Please tell the ARAB, the one from Saudi Arabia / Seattle that I love him. Tell him I will do and say whatever it takes to get him out of this. I will say it is all my fault. I talked to the Dr. And we both had a good cry.

(ECF 1 at 6.) Mr. McCullough responded as follows:

> You must have me confused with someone else. I don't know you or who you are talking about. It appears you have some problems in your life that don't concern me nor do I want them to. Good luck. Be well.

2

(*Id.*). Mr. McCullough tried to remove this person from his Jpay list, but he was unable to do so. A reply came a few days later, revealing to Mr. McCullough for the first time that the author was Ms. Bush.

> Ok, ok, ok, sure. Please tell the ARAB, you know who I love him. Enjoy your Pilatus Mi Amigo JB.

(*Id.*) Ms. Bush deleted her Jpay contact after sending her reply, so no further communication occurred between Mr. McCullough and Ms. Bush.

On November 30, 2017, while in the middle of giving a final oral presentation, Mr. McCullough was removed from class and told he was being relocated to a different dorm. That same day his ability to use the Jpay kiosk was permanently suspended for unauthorized contact with a volunteer. (ECF 1-1 at 13.)

Also on November 30, 3017, Mr. McCullough wrote to Dr. Serocynski telling her of his status change and expressing a desire to ensure that all of his remaining work was turned in so he could complete his associate degree as scheduled and receive his one year time cut. (ECF 1-1 at 15-16.) Mr. McCollough knew from Dr. Serocynski's prior actions and words that she didn't like him, so one solution he proposed was that he simply be given F's on his remaining exams, knowing his grades were high enough that he would still graduate. (ECF 1 at 7.) He wrote his professors, too, asking that he be allowed to take his final exams and turn in his final papers. But, Dr. Serocynski told the professors not to accept any work turned in by Mr. McCullough. Rather

3

than being permitted to finish his course work, Mr. McCullough was given incompletes.

Mr. McCullough met with Kenneth Watts on December 27, 2017, and discussed the Jpay exchange between him and Ms. Bush and its impact on his participation in the Westville Education Initiative. (ECF 1 at 8.) Mr. McCullough explained what happened, but Mr. Watts indicated that moving him back to the dorm wouldn't help him because "Alicia Serocynski is not accepting you back into the college program." (ECF 1 at 8.) It was further explained that the reason was "because Alicia Serocynski does not like you, and she is choosing to give you an incomplete instead of your degree." (*Id.*) When Mr. McCullough noted that the IDOC policy would allow him to return to the program in six months, Mr. Watts stated, "I have nothing to do with that. Alicia Serocynski said, 'she is not letting you return to the program,' and she doesn't like you so she is doing this because she can." (*Id.*)

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). For a private party to be held liable under 42 U.S.C. § 1983, "the state must somehow be responsible for the allegedly unlawful actions taken by the party." Wade v. Byles, 83 F.3d 902, 905 (7th Cir. 1996). Mr. McCullough has sued seven defendants, but he hasn't alleged that any of them were acting under color of state law. While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must

4

permit an inference that defendant's actions are "fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (*quoting* Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The court of appeals provided a summary of situations in which private actors can become state actors.

> Private action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights; where the state compels the discriminatory action; when the state controls a nominally private entity; when it is entwined with its management or control; when the state delegates a public function to a private entity; or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 815 (7th Cir. 2009).

While this inquiry must be decided on a case by case basis, Mr. McCullough hasn't alleged facts from which it can be plausibly inferred that any named defendant could be fairly deemed a state actor. He hasn't alleged that anyone at the prison conspired with these defendants to prevent him from either graduating or receiving a reduced sentence. He hasn't alleged that the state directed this outcome; instead, he places the blame squarely with the educational institutions and their employees or volunteers. He hasn't alleged significant entwinement between Westville Correctional Institution and either

Notre Dame University or Holy Cross College.[1] He hasn't alleged that the state delegated a function for which it couldnt disclaim responsibility to the defendants: providing higher education is not such a public function.[2] In short, the facts presented by Mr. McCullough don't suggest that it would be fair to attribute the actions of these defendants to the State of Indiana.

The court will give Mr. McCullough a chance to file an amended complaint if he thinks he can state a claim upon which relief can be granted. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Anthony Kevin McCullough; and

(2) GRANTS Anthony Kevin McCullough until **July 16, 2018**, to file an amended complaint on that form.

---

[1] The 2016 Student Handbook describes the Westville Education Initiative as "a collaboration between Holy Cross College and the University of Notre Dame and is jointly conceived, guided, and overseen by faculty and administration from both institutions." (ECF 1-1 at 2.) While Westville permits the program to operate within the facility and rewards inmates who obtain degrees through the program, that is not sufficient to transform private action into action fairly attributable to the state.

[2] The actions of a private party can be deemed that of the state where the private actor is performing a function traditionally reserved exclusively to the state. West v. Atkins, 487 U.S. 42, 56 (1988); Jackson v. Metro. Edison, 419 U.S. 345, 352 (1974). See also Vickery v. Jones, 100 F.3d 1334, 1346 (7th Cir. 1996) (noting that "[t]he test for a finding of government action under this theory is whether the defendants have performed functions that have been traditionally the *exclusive* prerogative of the government," and collecting Supreme Court cases where private action has been found to be a traditional government function).

If Mr. McCullough doesn't respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on June 8, 2018

/s/ Robert L. Miller, Jr.
Judge
United States District Court